# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| **In re** | **Chapter 7** |
| **Lynne B. Bridges** | **Case No. 17-30759** |
| **Debtor(s)** | |

## CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES, LLC AND MARTY'S REAL ESTATE TO PROCURE CONSENTED PRIVATE SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

Now comes STEVEN WEISS, Chapter 7 Trustee (the "Trustee") for the above referenced bankruptcy estate of   (the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order, substantially in the form attached hereto as *Exhibit A*, authorizing employment of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness at *Exhibit B* (the "BKRES Affidavit") and (2) Marty's Real Estate ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness at *Exhibit C* (the "Listing Agent Affidavit").   In support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and Listing Agent, at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission

that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the private sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

<u>**JURISDICTION**</u>

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2

## BACKGROUND

3.    On 10/7/17 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.    Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5.    The Trustee held and concluded the 341 meeting on 11/22/2017.

6.    The Debtor is the sole owner of real property located at 115 Berkshire Avenue, Southwick, MA 01077 (the "Property").

7.    The Debtor's schedules reflect that the Property is currently worth $242,000, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Christiana Trust, a division of Wilmington (the "Secured Creditor") in an amount exceeding $270,000. In addition, the Debtor represented to the Trustee that the post-petition, pre-conversion arrearage is approximately $.

8.    The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a.  sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b.  buy the Property from the Debtor's estate if (and only if) no such offer is made;

    c.  release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9.     Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and the Trustee will bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") upon receipt of an acceptable offer.

10.     By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

## APPLICATION

11.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

4

12.     As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13.     The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

14.     In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

15.     BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16.     The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

17.    BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

18.    Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit C* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

### CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date: January 23, 2018

By:    /s/ Steven Weiss
       Respectfully submitted,

       Steven Weiss, Esquire
       BBO# 545619
       Shatz, Schwartz and Fentin, P.C.
       1441 Main Street, Suite 1100
       Springfield, MA  01103
       (413) 737-1131
       sweiss@ssfpc.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

EXHIBIT A

| | |
|---|---|
| **In re**<br><br><br>**Lynne Bridges ,**<br><br>     **Debtor** | **Chapter 7**<br>**Case No. 17-30759** |

## ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND COLDWELL BANKER RESIDENTIAL BROKERAGE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330 OF THE PROPERTY

Upon the Notice and Application of STEVEN WEISS, the trustee in the above-captioned case ("Trustee"), to *Retain BK Global Real Estate Services and Oksana Shapovalova to Procure Consented Public Sale pursuant to 11 U.S.C. § § 327, 328 and 330* ("Application") [Docket No. ], the Court having reviewed and considered the Notice, Application and the Affidavit of Disinterestedness and having found good and sufficient cause appearing therefor and the same to be in the best interest of Debtor and the creditors the Court hereby FINDS that:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

B.    Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Notice of the Application was sufficient under the circumstances.

Based upon the foregoing findings of fact, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.    The Application is hereby GRANTED.

2.    Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

3.     The Trustee is authorized to retain and compensate BKRES and Listing Agent to procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter 7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order. BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

4.     BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5.     BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code.

6.     BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court. The estate shall, in no circumstance, be obligated to compensate BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts. BKRES and Listing Agent, and anyone claiming by, through or under either of them, shall only have recourse for recovering its fee to Secured Creditor. The estate shall have no liability for any such claim.

7.     Notice of the Application was adequate and proper.

8.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

8

**ELIZABETH D. KATZ**

Bankruptcy Judge

17\0306\appl.Employ.BKGlobal.1602

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

EXHIBIT B

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Lynne Bridges** | **Case No. 17-30759** |
| **Debtor** | |

## DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND COLDWELL BANKER RESIDENTIAL BROKERAGE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1.    I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Texas located at 1095 Broken Sound Parkway, Suite 100, Boca Raton, FL 33487.  I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2.    Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3.    To the best of my knowledge:  (a) neither BKRES nor any of its employees has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the

11

Bankruptcy Code; and (c) neither BKRES nor any o1 its employees hold or represent an interest adverse to the Debtor's estate.

4.    A description of the qualifications of, and services provided by, BKRES is attached as Schedule 1.

5.    That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6.    That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as Schedule 2 hereto, as it deems appropriate.


Verified under penalty of perjury that the foregoing is true and correct this 8 day of December, 2017.

_____
Patrick Butler
Corporate Broker

The foregoing instrument was acknowledged before me this 8ᵗʰ day of December, 2017 by Patrick Butler who provided identification or is personally known to me and who aid take an oath.

_____
Notary Public – State of Florida


My Commission Expires



Notary Public State of Florida
Lyda Castro
My Commission FF 905572
Expires 08/03/2019

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Lynne B. Bridges** | **Case No. 17-30759** |
| **Debtor** | |

## DECLARATION RE: ELECTRONIC FILING

### PART I – DECLARATION OF PETITIONER

I <u>PATRICK BUTLER</u> *hereby declare(s) under penalty of perjury* that all of the information contained in my **AFFIDAVIT OF BROKER** (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of the Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: _12/4/17_ Signed: _____
(Affiant)

EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Lynne Bridges** | **Case No. 17-30759** |
| **Debtor** | |

## AFFIDAVIT OF OKSANA SHAPOVALOVA IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND COLDWELL BANKER RESIDENTIAL BROKERAGE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

STATE OF MASSACHUSETTS    )
                                 )
COUNTY OF Hampden          )

       I Oksana Shapovalova, being duly sworn, says:

1.     I am a real estate agent duly licensed by the State of Massachusetts.

2.     I am an agent of Coldwell Banker Residential Brokerage, with offices located at 75 Broad Street, Suite B, Westfield, MA 01085 ("Listing Agent").

3.     I am familiar with the Application to Coldwell Banker Residential Brokerage, filed by the Trustee ("Application") and the property described therein.

4.     I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 115 Berkshire Avenue, Southwick, MA01077 (the "Property").

5.     Coldwell Banker Residential Brokerage has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

6.     Neither I nor any member of Coldwell Banker Residential Brokerage hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

18

7.      To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.      I represent no interest adverse to the Debtor or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Oksana Shapovalova of
Coldwell Banker Residential
Brokerage

The foregoing instrument was sworn to and subscribed before me this _8_ day of _December_, 2017

19



**RESIDENTIAL BROKERAGE**

## Exclusive Listing Agreement
### *Massachusetts*

SELLER(s): <u>**Steven Weiss, BK Trustee for, the estate of Lynne B Bridges**</u>

PROPERTY ADDRESS: <u>115 Berkshire Ave, Southwick, MA  01077-9687</u> _____ ("Property")

LISTING AGENT(s): <u>Oksana Shapovalova #9064790</u> _____ ("Designated Agent(s)")

<i>Sales Associate Name(s) and License Number(s)</i>

You, the Seller(s), hereby retain Coldwell Banker Residential Brokerage ("Coldwell Banker") as your one and only real estate broker with respect to the Property identified above and you grant to Coldwell Banker sole and exclusive right to list, market, sell and/or rent the Property during the Term set forth herein.

1. **TERM:** This Agreement shall begin on _____ and end at midnight on _____ ("Expiration Date"). The Term of this Agreement may be extended by mutual agreement; and, if you authorize an extension of any Multiple Listing Service (each an "MLS") listing of your Property, that shall also act as a like extension of the Term of this Agreement.

2. **LISTING PRICE:** You and Coldwell Banker agree that the Property will initially be listed at $ _____ , and that the Listing Price may be adjusted by mutual agreement.

3. **SCOPE OF COLDWELL BANKER REPRESENTATION:** The Designated Agent(s) named above has/have been appointed by Coldwell Banker to represent you, and will work in your best interest to procure a ready, willing and able Buyer (or Tenant/Lessee, as appropriate) of the Property in accordance with the price, terms and conditions specified in this Agreement, or other price and terms acceptable to you. You acknowledge that Coldwell Banker is being retained solely as a real estate broker and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, home inspector, property manager and/or other professional service provider; and that Coldwell Banker Sales Associates do not assume any obligation to consult municipal records or authorities to confirm whether a property, as presently improved, complies with applicable municipal building and zoning codes, regulations and/or requirements. *You are advised to seek independent professional advice and counsel concerning the condition of the Property, legal and tax matters, as well as other issues beyond the scope of real estate brokerage services offered by Coldwell Banker.* In the event that Coldwell Banker provides you with names and/or resources for such advice and assistance, you understand and acknowledge that Coldwell Banker would be doing so as an accommodation only and that Coldwell Banker does not warrant or guaranty such services and/or providers. Coldwell Banker shall have no obligation to seek an extension to any date or deadline set forth in any written agreement between you and a Buyer, nor to seek the termination of any written agreement between you and a Buyer unless you, in a timely manner, explicitly make such a request in writing and Coldwell Banker specifically agrees, in writing, to accommodate that request.

4. **COLDWELL BANKER IS GRANTED THE SOLE AND EXCLUSIVE RIGHT AND AUTHORITY TO:** (a) Advertise the Property for sale and/or rent, and in relation thereto; (b) Cooperate with and offer compensation to Cooperating Brokers (including Buyers' Agents who represent the interests of the Buyer and not you, regardless of compensation structure) to the extent agreed to herein; (c) Post signs on the Property; (d) List the Property with any MLS and/or similar electronic database and, in this regard - unless you notify Coldwell Banker in writing to the contrary - you hereby grant to Coldwell Banker express permission to enter your name into and/or transmit your name and/or upload or post documents (e.g., Lead Paint Disclosure Form) containing your name to such MLSs or electronic databases, understanding that the same may be accessible to persons other than your Designated Agent; (e) Photograph and/or record video images of the Property and/or distribute information about the Property, including electronic images, and in this regard you acknowledge and agree that any photographic, video and/or electronic images of the Property, as well as any related advertising, promotional and/or marketing materials that Coldwell Banker and/or its employees, agents, affiliates, servants or independent contractors create shall be and remain the sole and exclusive property of Coldwell Banker; (f) Manage and control the marketing of the Property; (g) Display the Property's information on ColdwellBankerHomes.com and other internet websites; and (h) If requested, provide a copy of any written agreement for the purchase and sale of the Property to a Buyer's lender, appraiser, title company and/or closing attorney in order to facilitate the financing and/or closing of a purchase and sale of the Property. All the foregoing notwithstanding, it is expressly understood that you do NOT grant to Coldwell Banker or to its affiliated Sales Associates any right or authority to take any actions that would create binding obligations on your behalf.

5. **SELLER AGREES:**

   a. To cooperate with Coldwell Banker in every reasonable way and to refer all inquiries and offers for the purchase and/or rental of the Property to Coldwell Banker during the Term of this Agreement;

   b. To pay Coldwell Banker a fee for professional services ("Commission") equal to _____ _____ % of the gross sale price if:

      (i) During the term of this Agreement a Buyer is procured ready, willing and able to purchase (which term shall include purchase, assignment, transfer, exchange or other conveyance) the Property or any portion thereof in accordance with the

EXCLUSIVE LISTING AGREEMENT                    Page 1 of 6                    Seller Initials _____

price, terms and conditions set forth in this Agreement, or upon such other price, terms and conditions as shall be acceptable to you; or

(ii) During the Term of this Agreement the Property, or any portion thereof, is sold (which term shall include the sale, assignment, transfer, exchange or other conveyance) or becomes subject to an agreement or option to purchase or sell through the efforts of anyone, including you, to any person or entity including, but not limited to, a co-owner of the Property, spouse/domestic partner, relative or heir, holder of an equitable or other interest in the Property (such as a Right of First Refusal), etc. In the event the Property is assigned, transferred, exchanged or conveyed for nominal consideration (e.g., "one dollar and other valuable consideration"), then the Commission shall be calculated, as set forth above, based upon the Listing Price. In the case of a sale and/or transfer of an interest in the Property between co-owners, the Commission will be based upon the greater of the actual sale price and the Listing Price; and, if based on the Listing Price, the Commission shall be pro-rated to reflect the percentage interest being transferred. For example, in the case of a sale or transfer of a fifty percent (50%) interest in the Property from one co-owner to another, the Commission will be calculated based on either the sale price or fifty percent (50%) of the Listing Price, whichever is greater; or

(iii) The Property, or any portion thereof, is sold or becomes subject to an agreement or option to purchase or sell within 180 days after expiration of the Term of this Agreement (the "Protection Period") to any person or entity who was introduced to the Property by anyone, including you, prior to the expiration of the Term of this Agreement (each an "Introduced Buyer"). However, in the event the Property is sold during the Protection Period to any Introduced Buyer with the participation of a licensed broker to whom you are obligated to pay a fee under the terms of a subsequent written exclusive listing agreement, then you will only owe to Coldwell Banker pursuant to this provision the difference, if any, between the Commission called for in this Agreement and any lesser amount you actually pay to such subsequent licensed broker.

c. If the sale of the Property entails the sale of land and the construction of a home and/or other structure(s) by you on the Property, then the Commission shall be calculated based on the aggregate of the price paid by the Buyer for the land and any building(s) and/or improvement(s) constructed thereon. In the event that a purchaser first buys unimproved land from you and you then construct a dwelling on the Property, then the Commission payable in connection with the sale of the land shall be due upon closing on the purchase of the land by the Buyer and the Commission payable in connection with the cost of the improvements shall be payable no later than the issuance of an occupancy permit for the building(s).

d. If you rent the Property to a Buyer/Tenant during the Term of this Agreement or during the Protection Period, as set forth in Paragraph 5 b. (iii) above, then you shall pay Coldwell Banker a Commission equal to ten percent (10%) of the total rent payments due under such rental agreement; and if you sell the Property to any such Buyer/Tenant during the term of such tenancy or within one (1) year after the termination of such tenancy (which term shall include any extension to and/or renewal of the original term) then, upon closing on the sale of the Property to said Buyer/Tenant, you shall pay to Coldwell Banker a Commission as set forth in Paragraph 5 b. above.

e. To pay all Commissions and/or other compensation due hereunder no later than the closing date, including transactions that close after the Expiration Date of this Agreement; and you agree that Coldwell Banker may retain any earnest money deposits held in escrow and apply those deposit funds against any compensation due.

f. In the event that a Buyer enters into a contract to purchase the Property and thereafter defaults under the purchase contract and if, as a result of such Buyer's default, you retain any portion of any earnest money deposit given by such Buyer in connection with the purchase contract, then Coldwell Banker shall be entitled to one-half of any such deposit sum or an amount equal to the Commission that would have been due had the sale been consummated, whichever is less.

6. **CONSENT TO DESIGNATED AGENCY:** NRT New England LLC does business under the trade names Coldwell Banker Residential Brokerage, Hammond Residential Real Estate and The Collaborative Companies (hereinafter collectively referred to as "Broker"). The Broker is a Designated Agency real estate brokerage company, as permitted under Massachusetts law. This means that Coldwell Banker will appoint one or more individual Sales Associate(s) to represent you as your Designated Seller's Agent. But, no other Sales Associate affiliated with the Broker will represent you or your interests and, in fact, other Sales Associates affiliated with the Broker may represent Buyers interested in purchasing your Property. Your Coldwell Banker Designated Seller's Agent owes you fiduciary duties including loyalty, full disclosure, confidentiality, to account for funds, reasonable care and obedience to lawful instruction. Other designated agents affiliated with the Broker owe these same fiduciary duties to their respective clients, but they do *not* owe all of these duties to persons who are not their client, including you. If the same Coldwell Banker Sales Office Manager has appointed both Seller's Designated Agent(s) and Buyer's Designated Agent(s) in the same transaction then that Sales Office Manager shall be deemed a Dual Agent (see explanation in Paragraph 8 below) and shall be neutral as to any conflicting interests of the Seller and Buyer, but will continue to owe both Seller and Buyer the duties of confidentiality of material information and to account for funds. The Coldwell Banker Sales Associate(s) identified on page 1 of this Agreement is/are hereby appointed as Seller's Designated Agent(s). All parties acknowledge and agree that, from time to time, circumstances may make it necessary for Coldwell Banker to designate another Sales Associate to represent you as the Seller's Designated Agent, temporarily or permanently, in place of or in addition to the Designated Seller's Agent(s) identified above, in which event you will be notified in writing of the name of any such new or additional Designated Agent(s). By signing this Agreement below, you acknowledge and agree to the terms of this paragraph and, specifically, you consent to Designated Agency and that the Sales Associate(s) named above and/or those who may subsequently be appointed by Coldwell Banker is/are authorized to represent

---

**EXCLUSIVE LISTING AGREEMENT**                  **Page 2 of 6**                  **Seller Initials** _____



Coldwell Banker® is a registered trademark of Coldwell Banker LLC. Operated by NRT New England LLC, a subsidiary of NRT LLC.
An Equal Opportunity Company     Equal Housing Opportunity     © 2008 NRT LLC. Revised February 1, 2017
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.ziplogix.com

115 Berkshire

you as your Designated Agent. You will be provided written notice in the event that another Sales Associate affiliated with the Broker is acting as a Designated Agent for the Buyer in a purchase and sale transaction with you.

7. **COVERING AGENTS:** From time to time it may be necessary for a Coldwell Banker Sales Associate other than the Designated Seller's Agent to "cover for" the Designated Seller's Agent, for instance, to host an Open House, to accompany a showing of the Property, attend a walk through or home inspection, etc., in place of and/or on behalf of the Designated Seller's Agent. Unless otherwise agreed, you hereby acknowledge and agree that, in such circumstance, any such "covering" Coldwell Banker Sales Associate shall be acting as a neutral Facilitator and not as a Designated Agent for you.

8. **CONSENT TO DUAL AGENCY:** As permitted under Massachusetts law, a real estate Broker or Sales Associate may act as a Dual Agent, which means that an individual Sales Associate represents both the Buyer client and Seller client in the same transaction. However, Dual Agency is only permitted with both Seller's and Buyer's informed written consent. A Dual Agent is authorized to assist the Buyer and Seller in such a transaction, but is required to be neutral with regard to any conflicting interest of the Buyer and Seller. Consequently, a Dual Agent will not have the ability to satisfy fully the duties of loyalty, full disclosure, and obedience to all lawful instructions otherwise owed to a client by a Designated Agent, but shall still owe to both Buyer and Seller the duties of confidentiality and to account for funds. Confidential information that is obtained from either a Buyer client or a Seller client may *not* be disclosed by a Dual Agent, except: (i) if disclosure is expressly authorized by the party whose information is to be disclosed; (ii) if such disclosure is required by law; (iii) if such disclosure is intended to prevent illegal conduct; or (iv) if such disclosure is necessary to defend a claim against the broker or licensee or to prosecute a claim against a person represented. This duty of confidentiality shall continue after termination of the brokerage representation relationship with respect to information disclosed during the Term of said brokerage relationship. A Dual Agent will not be able to prepare a comparative market analysis for either party after a Dual Agent situation arises, as it may adversely affect one party's bargaining position relative to the other party. If a comparative market analysis was prepared for either client and a Dual Agent situation subsequently arises, the Dual Agent may only provide such comparative market analysis to the other party with the prior consent of the party for whom it was initially prepared. In the event that either Seller or Buyer in a given transaction does not consent to Dual Agency, then Coldwell Banker will designate another Sales Associate to represent one of the parties as their Designated Agent. In that event, each Designated Agent will offer to each party full Designated Agency representation, with the exception that the original Designated Seller's Agent will not disclose to either party any confidential information such agent may have previously gained about either client.

<u>*Seller's Election Regarding Dual Agency*</u> (Initial Applicable Selection)

_____ _____ Seller *DOES* consent to Dual Agency         **OR**         _____ _____ Seller *DOES <u>NOT</u>* consent to Dual Agency

In the event that you have consented to Dual Agency above, then you acknowledge and agree that the licensee(s) named above is/are authorized to represent both you and a Buyer as a Dual Agent in the event that a Dual Agency situation does arise.

9. **COMPENSATION TO OTHER BROKERS:** You and Coldwell Banker agree that Coldwell Banker will offer to compensate Cooperating Brokers acting as a Buyer's Agent in a sum equal to __**0.000**__ % of the contract price and to compensate Cooperating Brokers acting as Facilitators in a sum equal to __**0.000**__ % of the contract price. In the vast majority of cases no dispute will arise arise as to the payment of compensation to a Cooperating Broker. However, in some cases, two or more brokers may have worked with a particular Buyer and may claim entitlement to the compensation being offered to Cooperating Brokers by Coldwell Banker. If such disputes cannot be resolved between the brokers then, generally speaking, these disputes are submitted to mandatory arbitration administered through the local Board of REALTORS®. Coldwell Banker will be obligated to pay the Cooperating Brokerage compensation in accordance with any decision rendered in such arbitration proceedings. For that reason, and in order to help protect you from potential liability to pay brokerage commission compensation in excess of that recited above, you and your attorney are cautioned against agreeing to or permitting the name of a Cooperating Broker being added to a purchase and sale contract unless Coldwell Banker first confirms that there is no dispute with respect to the payment of the Cooperating Brokerage compensation to that broker.

10. **SELLER'S REPRESENTATIONS, WARRANTIES AND ACKNOWLEDGMENTS:**

   a. **General:**

   (i)   You hold clear and marketable title to the Property and/or are duly authorized to list and sell the Property.

   (ii)  You are not in bankruptcy nor contemplating filing bankruptcy during the Term of this Agreement or, in the alternative, if you are in bankruptcy or file for bankruptcy protection during the Term of this Agreement, then you agree to take all actions necessary to secure authorization from the Bankruptcy Court for Coldwell Banker to act as listing real estate broker for the listing, marketing, sale and/or rental of the Property and to be compensated fully therefor as set forth in this Agreement, and you authorize Coldwell Banker to make any and all necessary disclosures to potential purchasers regarding the foregoing.

   (iii) You are not in default on the payment of any loan, debt, account or other obligation secured by a mortgage or other lien against the Property or, in the alternative, you have informed Coldwell Banker of any and all arrearages with respect to the foregoing and have supplied Coldwell Banker with copies of any and all written notices or other documentation you have received in relation to any party's effort or intention to institute foreclosure proceedings against you and/or the Property.

**EXCLUSIVE LISTING AGREEMENT**          **Page 3 of 6**          **Seller Initials _____**

 Coldwell Banker® is a registered trademark of Coldwell Banker LLC. Operated by NRT New England LLC, a subsidiary of NRT LLC
An Equal Opportunity Company     Equal Housing Opportunity     © 2008 NRT LLC  Revised February 1, 2017
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    115 Berkshire

(iv)   You represent that there are or will be no other listing agreements with other real estate brokers for the sale of the Property in effect as of the beginning or commencement date of this Agreement, as recited in Paragraph 1 above.

(v)   You warrant that you will, during the term of this Agreement, maintain homeowner's insurance on the Property and that such insurance on the Property will protect against risk of loss of both personal property and from personal injury to persons on the Property; and you specifically agree that, in connection with any showing of the Property to prospective purchasers (including any "Open House" showings), you will take whatever action that you may deem necessary to safeguard items of personal property, and you specifically acknowledge that Coldwell Banker does not provide security services and that Coldwell Banker shall not be responsible with respect to any loss of or damage to your Property, or injury to any person, that may occur during or in connection with showing the Property to prospective purchasers, home inspectors, appraisers or others permitted to enter onto the Property.

(vi)   You represent and warrant that: (1) any information furnished to Coldwell Banker in connection with the Property is true, accurate and complete to the best of your knowledge and belief; (2) you either own or are duly and legally licensed or otherwise authorized to print, publish, post, disburse, distribute and/or otherwise to make use of (collectively, to "Use") any photographs, images, drawings, renderings, graphic representations, plans, etc. (collectively "Images") that you may provide to Coldwell Banker; (3) you authorize Coldwell Banker to disclose any information furnished by you and/or to Use any Images you may have provided in connection with the performance of Coldwell Banker's services under this Agreement; and (4) you, further, agree to hold harmless and indemnify Coldwell Banker (and any Sales Associate affiliated with Coldwell Banker) with respect any claim, demand, action, cause of action, suit, and/or controversy whatsoever, whether in law, equity or otherwise, related to the disclosure of any of the foregoing information and/or Use of any Images described above.

b.   **Regarding Financial Obligations and Other Legal Matters Related To The Property:**

(i)   You represent that the amount of the proceeds that you anticipate receiving from the sale of the Property ☐ will be / ☐ will **not** be sufficient to fully satisfy the aggregate amount of any existing mortgages, liens and/or financial encumbrances affecting the Property. If you do not have or do not anticipate having sufficient funds to satisfy all financial obligations and clear all mortgages and liens against the Property, you agree to use your best efforts to obtain from your lender(s) and/or lien holder(s), as the case may be, agreement to accept in full satisfaction of its debt such lesser sum as may be necessary to permit transfer of title free and clear of all encumbrances and to compensate Coldwell Banker fully as set forth in this Agreement. Please identify all known mortgages, liens and financial encumbrances affecting the Property, together with the approximate outstanding indebtedness applicable to each:

☐ First Mortgage $ _____   ☐ Second Mortgage $ _____   ☐ Home Equity $ _____
Other: _____ .

(ii)   If the Property is part of a condominium, cooperative, planned unit development or otherwise a part of and/or subject to the authority of a home owners' association, you represent that: (1) the current monthly association fee is $ _____ and that, unless noted below, you have no knowledge of a planned increase in the fee; and (2) to the best of your knowledge, the Property ☐ is / ☐ is **not** subject to any current or anticipated special or or extraordinary fees, assessments, charges or rents above and/or beyond any regular periodic condominium, cooperative, home owners' association fees, or the like. Please describe any applicable special or extraordinary fees, assessments, charges, or change in monthly fee(s), etc. (please write "N/A" if this paragraph is not applicable):

_____ .

(iii)   You represent that the Property ☐ is /☐ is **not** subject to any municipal betterment assessment (e.g., for public sewer, water, etc.) and that, if the Property *is* subject to any municipal betterment assessment, you acknowledge and agree that you will be required to pay the total outstanding balance of such municipal betterment assessment at or prior to the closing on the sale of the Property (even if said betterment assessment has previously been paid on an installment basis), unless the Buyer agrees to purchase the Property subject to, and assumes the obligation to pay any such municipal betterment assessment(s). Please describe any applicable Betterment Assessment(s):

_____ .

(iv)   You represent that the Property is (check one):

☒ connected to a **municipal sewer system;** or

☐ served by a septic or other **private waste disposal system** and that: (1) to the best of your knowledge, said system is located entirely within the boundaries of the Property, or that you will fully disclose the extent to which such system may be located beyond the boundaries of the Property; and (2) you acknowledge and understand that any private waste disposal system that services the Property must pass an inspection certifying that such system complies with the Massachusetts State Environmental Code known as "Title 5", pursuant to 310 CMR 15.301.

Please describe any exceptions and/or provide further explanation with respect to the foregoing statements:

_____ .

---

(v)   You represent that the Property is (check one):

☒ connected to a **municipal water supply**; or

☐ served by a **private water supply** (such as a well) and that: (1) to the best of your knowledge, said supply is located entirely within the boundaries of the Property, or that you will fully disclose the extent to which such supply may be located beyond the boundaries of the Property; (2) that any private water supply provides sufficient quantities of water to adequately and fully satisfy the needs of any dwellings and/or improvements situated on the Property as such may be currently constructed or configured; and (3) you represent that, to the best of your knowledge, any water supply servicing the Property provides potable water that is safe for human consumption and/or complies with any and all relevant federal, state and/or municipal laws, regulations, ordinances and/or standards with respect to contaminants including, but not limited to, arsenic, radon, lead, coliform bacteria, and/or other contaminants.
Please describe any exceptions and/or provide further explanation with respect to the foregoing statements:
_____ .

(vi)   You represent that the Property ☐ is / ☐ is **not** served by a rented or leased hot water heater, propane tank, solar panels and/or other facility, equipment or appliance; and that, if the Property is served by any such rented or leased facility, equipment or appliance, you will fully disclose this fact to any prospective purchaser prior to entering into any purchase and sale contract. Please describe any applicable rented or leased facility, equipment or appliance:
_____ .

(vii)   You represent that the Property ☐ is / ☐ is **not** monitored by any audio or video surveillance equipment, and you understand and agree that: (1) if the Property *is* monitored by any <u>video</u> surveillance equipment capable of recording conversations, this fact must - by law - be disclosed to all persons prior to their entry onto the Property; and (2) if the Property *is* monitored by any <u>audio</u> surveillance equipment this fact must - by law - be disclosed to all persons *and* such persons must provide their written consent to being recorded prior to their entry onto the Property, unless such equipment is disabled prior to any person entering the Property. Please describe the nature and location of any applicable audio and/or video surveillance equipment:
_____ .

(viii)   You represent that, to the best of your knowledge and belief, the Property is not subject to any encumbrances, easements, restrictions or other limitations on the owner's full and unfettered right to use and enjoy the Property free from interference of others, nor are there any limitations on your right to sell the Property, except for the following:
☐ Easement     ☐ Right of Way     ☐ Restrictive Covenant     ☐ Right of First Refusal     ☐ Other
Please explain any items checked (please write "none" if applicable): _____
_____

11. **KEYS, SHOWINGS and LOCKBOXES:** Unless otherwise stated, Coldwell Banker shall retain a key to the Property and will have access for showing the Property to Cooperating Brokers and prospective purchasers. Coldwell Banker ☐ is / ☐ is **not** granted permission to install a Lockbox/Keybox/Keysafe on the Property for the purpose of facilitating access to Cooperating Brokers and others authorized to examine the Property.

12. **OFFERS and MULTIPLE OFFERS:** Coldwell Banker's obligation to *seek* offers shall terminate when you accept and sign a written offer provided, however, that Coldwell Banker will *present* all written and signed offers that are received even if they are received after an offer is accepted. You also agree that, in the event of a multiple offer situation, Coldwell Banker may disclose (to a Buyer who has submitted an offer and/or to any such Buyer's Broker) the fact that you have received other offers on the Property.

13. **COLDWELL BANKER AS ESCROW AGENT; DEPOSIT DISBURSAL and DISPUTES:** In its capacity as Escrow Agent with respect to any earnest money deposit ("Deposit"), Coldwell Banker will act as a neutral custodian of said funds. Coldwell Banker shall not place any Deposit(s) into its Escrow Account unless and until you and a Buyer sign a purchase contract upon receipt of which Coldwell Banker, as the Escrow Agent, shall promptly deposit any tendered Deposit(s) into its Escrow Account. Coldwell Banker's Escrow Account is non-interest bearing. All Deposits received by Coldwell Banker shall be duly accounted for at the Closing and transfer of the title to a Buyer, or at such other time as may be applicable. At the time of Closing, the Buyer shall receive credit for the full amount of the Deposit(s) paid by the Buyer. Coldwell Banker will disburse Deposit funds only to those persons and/or entities explicitly named as parties to any applicable purchase contract. You understand and acknowledge that Coldwell Banker's status as Escrow Agent shall have no effect on the ability of your Designated Agent or a Designated Buyer's Agent to represent the interests of their respective client(s). Coldwell Banker is not authorized to, nor does Coldwell Banker assume any duty to investigate, assess, evaluate, mediate, arbitrate or settle any dispute that may arise between you and a Buyer as to either party's entitlement to any Deposit(s) in the event of non-performance under a purchase contract. In the event of any kind of dispute regarding the disposition of any Deposit(s) held in its Escrow Account, Coldwell Banker shall retain all Deposits in its Escrow Account until: (a) Coldwell Banker receives instructions mutually given in writing by you and the Buyer; or (b) Coldwell Banker receives documentation that the dispute has been resolved by a Court Judgment or other authorized adjudicatory entity and all applicable Appeal periods have expired without either party filing an Appeal; or (c) Coldwell Banker determines that it is required,

**EXCLUSIVE LISTING AGREEMENT**            **Page 5 of 6**            **Seller Initials** _____

under State law, due to the Buyer's and/or your failure to commence litigation within the applicable statutory period (i.e., three years), to transfer the funds to the Commonwealth of Massachusetts as unclaimed/abandoned property, in which event Coldwell Banker shall deduct from the Deposit(s) its reasonable administrative and/or legal costs and fees associated with such transfer. In the event the parties initiate litigation to resolve any dispute: (i) upon mutual agreement of the parties involved in any lawsuit regarding any Deposit(s), Coldwell Banker will transfer any disputed funds to the presiding court, but Coldwell Banker will *not* institute a legal action (e.g., "interpleader") to resolve such a dispute; (ii) you will *not* name Coldwell Banker as a party to any such litigation but, in the event that Coldwell Banker - in its capacity as escrow agent - is made a party to any lawsuit regarding Deposit(s) then Coldwell Banker shall be entitled to recover reasonable attorney's fees and legal costs associated with the defense of said lawsuit; and (iii) the prevailing party or parties seeking disbursal of any Deposit(s) as a result of a judgment or other adjudication shall be responsible for providing Coldwell Banker with documentation obtained from the court or authorized adjudicatory entity evidencing that said court or authorized entity rendered a judgment or other binding decision, and neither party appealed said judgment or decision within the applicable appeal period.

14. **EQUAL OPPORTUNITY:** You understand and agree that the Property will be shown and made available to prospective purchasers without regard to race, color, religion, sex, disability, familial status, national origin, age, sexual orientation or any other class or status protected under the Fair Housing Laws of the United States and/or the Commonwealth of Massachusetts.

15. **DISCLOSURES:** You agree to disclose all known material information about the Property to Coldwell Banker and Coldwell Banker shall disclose all known material information to prospective purchasers. You agree to sign a seller's property condition disclosure statement, and consent to Coldwell Banker delivering the disclosure statement to any prospective purchaser.

16. **GENERAL TERMS OF AGREEMENT:** This document represents the entire agreement between you and Coldwell Banker and supersedes any other agreement of any nature and/or type, whether oral or written, which may exist between the parties in relation to the Property on the date of execution of this Agreement. This Agreement shall not be modified unless said modification is in writing and signed by all parties to be bound by any such modification; verbal modifications shall not be enforceable. You may not assign this Agreement. This Agreement shall bind the respective officers, directors, agents, attorneys, executors, administrators, distributees, successors, heirs and assigns, as the case may be, of you and Coldwell Banker. You agree to indemnify and hold Coldwell Banker harmless from and against all loss, costs and/or expenses in connection with your breach of any term or condition of this Agreement and, more specifically in this regard, you agree to pay all of Coldwell Banker's Attorneys' Fees, legal costs and expenses incurred due to your breach of and/or Coldwell Banker's efforts to enforce any term or condition hereof. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts.

17. **SELLER CONTACT INFORMATION:**

Contact Phone: _____ E-Mail Address(es):_____

Contact Phone: _____ E-Mail Address(es):_____

Seller's Address (if different from Property): _____

18. **ADDITIONAL TERMS AND CONDITIONS:** <u>This Listing Agreement and any sale of the</u>

<u>property is subject to and conditioned upon approval by the United States</u>

<u>Bankruptcy Court.</u>

**NOTE:** This is a legal document that creates binding obligations. If not understood, consult an attorney. The term "Seller" and "you" shall refer to and be binding upon all Sellers, their heirs and successors; and the term Broker shall include Coldwell Banker, its agents, affiliates and successors.

**BY SIGNING BELOW**, the Seller(s) named herein and Coldwell Banker acknowledge that they have read and understand the entire Agreement, including the provisions relating to Designated Agency and Dual Agency, and all parties agree to all the terms, conditions and provisions hereof.

Coldwell Banker Residential Brokerage

By: _____

_____
Seller                          Date
Steven Weiss, BK Trustee for

Oksana Shapovalova #9064790

_____
Seller                          Date
the estate of Lynne B Bridges

For Office Use:
Manager: _____
SIS#: _____
Prop. Addr.: 115 Berkshire Ave
          Southwick MA  01077-9687

**EXCLUSIVE LISTING AGREEMENT**          Page 6 of 6

Coldwell Banker ® is a registered trademark of Coldwell Banker LLC.  Operated by NRT New England LLC, a subsidiary of NRT LLC.
An Equal Opportunity Company     Equal Housing Opportunity     © 2003 NRT LLC.  Revised February 1, 2017
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          115 Berkshire

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Lynne B. Bridges** | **Case No. 17-30759** |
| **Debtor** | |

## DECLARATION RE: RELECTRONIC FILING

### PART I – DECLARATION OF PETITIONER

I  Oksana Shapovalova _____ *hereby declare(s) under penalty of perjury* that all of the information contained in my **AFFIDAVIT OF BROKER IN SUPPORT OF APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES AND MARTY'S REAL ESTATE** (singly or jointly the "Document"), filed electronically, is true and correct.  I understand that this *DECLARATION* is to be filed with the Clerk of the Court electronically concurrently with the electronic filing of the Document.  I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: _12/05/2017_ Signed: _Shapf_____
                                   (Affiant)

17\0007\Dec.broker.Hall.1601

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| In re: | |
|---|---|
| **BRIDGES, LYNNE B** | **Chapter 7** <br> **Case No.: 17-30759-EDK** |
| **Debtor(s)** | |

### CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on January 23, 2018, a copy of the foregoing Application to Employ BK Global Real Estate Services, LLC and Marty's Real Estate was  mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Lynn B. Bridges
115 Berkshire Avenue
Southwick, MA  01077

Eric D. Kornblum, Esq.
94 North Elm Street, #402
Westfield, MA  01085-4449

_____/S/ Steven Weiss_____<br>Steven Weiss, Esquire

17\0306\cos.app to employ

Label Matrix for local noticing
0101-3
Case 17-30759
District of Massachusetts
Springfield
Tue Jan 23 10:21:02 EST 2018

Springfield
U.S. Bankruptcy Court
300 State Street, Suite 220
Springfield, MA 01105-2925

Christiana Trust, Tee for RBSHD 2013-1
c/o Craig, Deachman & Amann, PLLC
1662 Elm Street
Manchester, NH 03101-1243

Christiana Trust, a div. of Wilmington
Savings Fund Society, FSB, Trustee of
RBSHD 2013-1 Trust
500 Delaware Avenue, 11th Floor
Wilmington, DE 19801-1490

Tax Collector - Town of Southwick
454 College Highway
Southwick, MA 01077-9267

Eric D. Kornblum
Law Office of Eric Kornblum
94 North Elm Street
Suite 402
Westfield, MA 01085-1641

Lynne B Bridges
115 Berkshire Avenue
Southwick, MA 01077-9687

Richard King
Office of the U. S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608-2361

Steven Weiss
1441 Main Street
Suite 1100
Springfield, MA 01103-1450

End of Label Matrix
Mailable recipients       8
Bypassed recipients       0
Total                     8